Paul L. **EHORN**, Plaintiff,

v.

The **ABANDONED SHIPWRECK KNOWN AS THE ROSINCO, HER TACKLE, APPURTENANCES, FURNISHINGS, AND CARGO,** Defendant,

and

**State of Wisconsin, Intervenor Defendant.**

No. 00–C–1086.

United States District Court, E.D. Wisconsin.

Oct. 9, 2002.

David J. Haywood, D. Haywood & Associates, Lansing, MI, Frederick L. Zievers, Madrigrano Zievers Aiello Marry & Dowse, Kenosha, WI, for Plaintiff.

Alan Lee, Wisconsin Department of Justice, Office of the Attorney General, Madison, WI, Christine A. Gabron, Kenosha County District Attorney, Kenosha, WI, Paul L. Barnett, Wisconsin Department of Justice, Office of the Attorney General, Madison, WI, for Intervenor Defendant.

## DECISION AND ORDER

CALLAHAN, United States Magistrate Judge.

## I. PROCEDURAL BACKGROUND

The plaintiff, Paul L. Ehorn ("Ehorn"), commenced this action when on August 7, 2000, he filed an in rem complaint in admiralty asserting his claim to all right, title, and interest in the *Rosinco,* her tackle, appurtenances, furnishings, and cargo. According to the complaint, the plaintiff "searched for and discovered the *Rosinco* lying on the bed of Lake Michigan, approximately twelve miles off shore [of] Kenosha, Wisconsin .... Subsequent to Plaintiff's discovery of the *Rosinco* in September, 1977, Plaintiff conducted in excess of one hundred dive explorations of the *Rosinco* ...."

On November 3, 2000, the State of Wisconsin ("State" or "Wisconsin") filed with this court a claim of ownership of the *Rosinco.* Wisconsin's claim was submitted by Christine A. Gabron, an Assistant District Attorney ("ADA") for Kenosha County.

On November 16, 2000, the plaintiff filed a motion for declaratory judgment asking the court to award him "all right, title, and ownership interest in the *Rosinco.*" The plaintiff's motion was based upon, inter alia, his assertion that "[n]o other person or entity ha[d] filed a claim to the *Rosinco,* her tackle, furnishings, cargo, or appurtenances."

On December 20, 2000, having been alerted to the claim submitted by ADA Gabron on behalf of the State of Wisconsin, the plaintiff filed a motion to quash such claim. The plaintiff set forth several bases for his motion, principally including (1) that the State of Wisconsin's claim was not timely, (2) that the State of Wisconsin failed to submit an answer within twenty days as required by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules") and the court's October 12, 2000, Order for Publication, and (3) that the November 3, 2000, claim submitted by the State of Wisconsin failed to set forth a valid claim of ownership under the Abandoned Shipwreck Act of 1987, 43 U.S.C. § 2101–2106.

On January 5, 2001, the court conducted a hearing to address the further processing of this action. At that hearing, the court directed the State to respond to the plaintiff's motion to quash. Pursuant to a subsequent stipulation of the parties, the court ordered the State's response to be filed no later than February 9, 2001. On February 9, 2001, Wisconsin filed (1) a motion to intervene, (2) a motion for leave to file an amended claim and answer, (3) an amended claim, and (4) an answer.

On September 26, 2001, the court issued a decision and order (1) denying Wisconsin's motion for leave to file an amended claim and answer, (2) quashing Wisconsin's claim, and (3) directing the clerk to enter judgment declaring that the plaintiff possesses all right, title and interest in the *Rosinco*. The court entered judgment to that effect on September 27, 2001.

Wisconsin appealed this court's decision to the Seventh Circuit. On June 21, 2002, the Court of Appeals reversed this court's decision and remanded the matter for further proceedings. More precisely, the Seventh Circuit found that the plaintiff had not properly served Wisconsin with process. Consequently, Wisconsin was not in default as of the time this court found it to be so. The Seventh Circuit stated:

> Ehorn readily could have served the persons authorized to represent Wisconsin in admiralty proceedings. Yet he has not done so to this day. Wisconsin's time to file an answer thus has not started to run, see Admiralty Supp. R. B(3)(b) ("defendant shall serve an answer within 30 days after process has been executed"), and the district court was not entitled to enter a default judgment for lack of a timely answer.

*Ehorn v. Sunken Vessel Known as the "ROSINCO"*, 294 F.3d 856, 860 (7th Cir. 2002).

Subsequent to remand of the case to this court the plaintiff filed a "Proof of Service" asserting therein that on June 27, 2002, Attorney General James E. Doyle and Assistant Attorney General Paul L Barnett were "served by U.S. certified and U.S. first class mail" with "a copy of the Civil Cover Sheet, Summons and Complaint in this action." Thereafter on July 10, 2002, the State filed its "Amended Answer and Affirmative Defenses." Among the assertions set forth in the "affirmative defenses" section of such pleading is the following:

> 25. Wisconsin is the owner of the *Rosinco*, its tackle, appurtenances, furnishings and cargo based on any one or more of the grounds set forth in the "Amended Claim by State of Wisconsin of Title in and Ownership of the Shipwreck *Rosinco*, her Tackle, Appurtenances, Furnishings and Cargo," as further amended from time to time. This "Amended Claim" is incorporated by reference into Wisconsin's Answer and Affirmative Defenses as though reproduced verbatim.

The "Amended Claim" which is referenced is that which was filed on February 9, 2001. That Amended Claim, which is incorporated by reference into the State's Answer reads, in part, as follows:

> Without conceding that the underlying facts that establish the State of Wisconsin's ownership of the Vessel *Rosinco* must be set forth in this claim, and without prejudice to its reliance on other or additional grounds to support its claim, the claim of ownership and title in the Vessel *Rosinco* by the State of Wisconsin is grounded in, but is not limited to, the following:
>
> .     .     .     .     .
>
> 3. Abandoned Shipwrecks Act, 43 U.S.C. § 2101, *et seq.*

By statute, the United States has title in any abandoned shipwreck that is located on the submerged lands of a state

and is either included or eligible for inclusion in the National Register of Historic Places. By statute, the United States has ceded its title in such shipwrecks to the state in or on whose submerged lands the shipwreck is located. The Vessel *Rosinco* is abandoned, is in or on the submerged lands of the State of Wisconsin and has been awarded a Determination of Eligibility issued by the Keeper of the National Register of Historic Places within the United States Department of Interior. Attached and incorporated into this claim is a copy of the "Determination of Eligibility Notification" issued by the Keeper of the National Register.

(Amended Claim, pp. 2–3).

On July 11, 2002, the State filed a "Motion for Preliminary Injunction Pending Final Judgment in this Case". On August 13, 2002, the State filed a motion for summary judgment. Both motions are now fully briefed and are ready for resolution. For the reasons which follow, Wisconsin's motion for summary judgment is granted and its motion for preliminary injunction is denied as moot.

## II. FACTUAL BACKGROUND

The material facts in this case are undisputed. They are set forth in the State's proposed findings of fact and conclusions of law, to which no response was filed by the plaintiff.[1] Plaintiff is an Illinois resident. The *Rosinco* is an abandoned shipwreck located off of the coast of Kenosha County, Wisconsin.

On October 25, 1998, plaintiff was apprehended by Joseph J. Jerich, a warden employed by the Wisconsin Department of Natural Resources, for moving a porthole from the *Rosinco*. On December 10, 1999, the Kenosha County, Wisconsin, district

attorney charged plaintiff with felony criminal damage to property, in violation of Wis. Stat. § 943.01(2)(e), and with misdemeanor theft, in violation of Wis. Stat. § 943.20(1)(a). Throughout the criminal prosecution, Wisconsin has maintained that it owns the *Rosinco*.

Since September 1, 1994, the *Rosinco* has been and is listed in the State Historical Society of Wisconsin's archeological site inventory. On February 8, 2001, the National Park Service within the United States Department of the Interior determined that the *Rosinco* was eligible for listing in the National Register of Historic Places. On July 18, 2001, the *Rosinco* was listed in the National Register of Historic Places.

## III. ANALYSIS

### A. Summary Judgment Standards

A district court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed.R.Civ.P. 56(e) advisory committee's notes (*quoted in Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). "The standard governing summary judgment is clear: 'If no rational jury could, on the evidence presented in the summary judgment proceeding, bring in a verdict for the party opposing summary judgment …

---

1. Civil L.R. 56.2(e) provides that "[i]n deciding a motion for summary judgment, the Court must conclude that there is no genuine material issue as to any proposed finding of fact to which no response is set out."

then summary judgment *must* be granted.'" *Oates v. Discovery Zone*, 116 F.3d 1161, 1175 (7th Cir.1997) (quoting *Visser v. Packer Eng'g Assoc., Inc.*, 924 F.2d 655, 660 (7th Cir.1991)).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A party opposing a properly supported summary judgment motion "may not rest upon the mere allegations or denials of the adverse party's pleading" but rather must introduce affidavits or other evidence to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see also Reid v. Norfolk & Western Ry. Co.*, 157 F.3d 1106, 1110 (7th Cir.1998). "To state it differently, a party will be successful in opposing summary judgment only when they present definite, competent evidence to rebut the motion." *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 427 (7th Cir.1997) (internal quotation marks omitted).

To determine whether a genuine issue of material fact exists, the court must review the record, construing all facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *See DiGiore v. Ryan*, 172 F.3d 454, 460 (7th Cir.1999). " 'In the light most favorable' simply means that summary judgment is not appropriate if the court must make 'a choice of inferences.'" *Draghi v. County of Cook*, 184 F.3d 689, 691 (7th Cir.1999) (quoting *Severn*, 129 F.3d at 425). "However, neither 'the mere existence of *some* alleged factual dispute between the parties,' [*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ], nor the existence of 'some metaphysical doubt as to the material facts,' *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), is sufficient to defeat such a motion." *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 982 (7th Cir.1999).

Thus, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548.

## B. Discussion

The outcome of this case is determined by application of the provisions of the Abandoned Shipwrecks Act ("ASA"), 43 U.S.C. § 2101, et seq. That Act provides, in pertinent part, as follows:

**§ 2105. Rights of Ownership**

**(a) United State title. The United States asserts title to any abandoned shipwreck that is—**

(1) embedded in submerged land of a State;

(2) embedded in coralline formations protected by a State on submerged lands of a State; or

(3) on submerged lands of a State and is included in or determined eligible for inclusion in the National Register.

**(b) Notice of shipwreck location; eligibility determination for inclusion in National Register of Historic Places.** The public shall be given adequate notice of the location of any shipwreck to which title is asserted under this section. The Secretary of the Interior, after consultation with the appropriate State His-

toric Preservation Officer, shall make a written determination that an abandoned shipwreck meets the criteria for eligibility for inclusion in the National Register of Historic Places under clause (a)(3).

**(c) Transfer of title to States.** The title of the United States to any abandoned shipwreck asserted under subsection (a) of this section is transferred to the State in or on whose submerged lands the shipwreck is located.

There is no dispute that the *Rosinco* is an abandoned shipwreck on submerged lands of the State of Wisconsin. There is also no dispute that on February 8, 2001, the *Rosinco* was determined eligible for listing in the National Register of Historic Places. Finally, there is no dispute that on July 18, 2001, the *Rosinco* was listed in the National Register of Historic Places. Such being the case, application of the ASA would seem to compel the conclusion that the State of Wisconsin has title to the *Rosinco*.

Not so, says the plaintiff. According to the plaintiff,

[t]he Seventh Circuit Court of Appeals held that Wisconsin was entitled to file a belated answer to Plaintiff's complaint. That Court did not, however, grant Wisconsin the right to file an amended claim which would provide the state with a colorable claim to the *Rosinco*. Regardless of what Wisconsin states in its answer, whether the state has a colorable claim to ownership of the *Rosinco* is found in its claim. The only claim Wisconsin has filed, pursuant to F.R.C.P. Supplemental Rule C, is based of its preempted state statutes. That claim

and those statutes do not provide Wisconsin with a legally cognizable claim to ownership of the *Rosinco*.

(Plt's Brief, pp. 8–9).

█ In other words, the plaintiff argues that the State has still not filed a valid claim, i.e., a claim in which it asserts an interest in the *Rosinco* pursuant to the provisions of the ASA. Instead, according to the plaintiff, the only claim which the State has filed is one in which it asserts an ownership interest in the *Rosinco* under state law, which state law has been preempted by the ASA. Because the State has not filed a claim in which it asserts an interest in the *Rosinco* under the ASA, judgment should not be entered in its favor.

The plaintiff rests his argument on a faulty premise. To be sure, the State's original claim, which was filed on November 3, 2000, was founded on state law, and the ASA preempts such state law. But, according to the Seventh Circuit, the State was entitled to be served before it was required to file an answer. And, even as late as June 21, 2002, it had not been properly served. Such being the case, as of June 21, 2002, the State was not required to have filed an answer. Similarly, as of June 21, 2002, it was not required to have filed a claim. This is because, under Supp. Rule C(6)(b)(i), "[a] person who asserts a right of possession or any ownership interest in the property that the subject of the action must file a verified statement of right or interest ... within 10 days after the earlier of (1) the execution of process, or (2) completed publication of notice under Rule C(4)." [2]

---

**2.** The Court of Appeals found that, under the circumstances of this case, publication of notice was not adequate. *See Ehorn*, 294 F.3d at 859–60 ("Even in an *in rem* action, the initiator must give notice reasonably calculated to alert any known claimant... The due

process clause of the fifth amendment requires no less."). Thus, the operative provision of Supp. Rule C(6)(b)(i) for purposes of the instant action is that speaking to the date of execution of process.

Even assuming (as the plaintiff maintains) that on June 27, 2002, he effected service on the State by mailing its legal representatives a copy of the summons and complaint, this would mean that the State would need to file its verified statement of right or interest within 10 days of having been so served, i.e., on or before July 17, 2002.[3] And the State did so. Indeed, as previously noted, the State filed its Answer and Affirmative Defenses on July 10, 2002. Contained within that document is an assertion by the State that it was incorporating by reference its previously filed Amended Claim as though reproduced verbatim. And contained within that Amended Claim is an assertion of title pursuant to the ASA.

■ The plaintiff has put up a valiant fight in his effort to gain title to the *Rosinco*. But, it is time to "give up the ship." The undisputed facts demonstrate that since September 1, 1994, the *Rosinco* has been and is listed in the State Historical Society of Wisconsin's archeological site inventory. On February 8, 2001, the National Park Service within the United States Department of the Interior determined that the *Rosinco* was eligible for listing in the National Register of Historic Places. On July 18, 2001, the *Rosinco* was listed in the National Register of Historic

Places. Such being the case, the State of Wisconsin is the owner of the *Rosinco* pursuant to the provisions of the Abandoned Shipwrecks Act, 43 U.S.C. § 2105. The State of Wisconsin is thus entitled to a judgment that declares Wisconsin to possess all right, title and interest in the *Rosinco*, her tackle, appurtenances, furnishings and cargo.[4]

**NOW THEREFORE IT IS ORDERED** that the State of Wisconsin's motion for summary judgment be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that judgment be entered in favor of the State of Wisconsin declaring Wisconsin to possess all right, title and interest in the *Rosinco*, her tackle, appurtenances, furnishings and cargo;

**IT IS FURTHER ORDERED** that the State of Wisconsin's motion for preliminary injunction be and hereby is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that judgment be entered accordingly.

3. Fed. R. Civ. P 6(a) provides that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Additionally, Fed. R.Civ.P. 6(e) provides, in pertinent part, that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party under Rule 5(b)(2)(B) [by mail] ... 3 days shall be added to the prescribed period."

4. The plaintiff also argues that whether the *Rosinco* is embedded in submerged land is an issue of fact that precludes the granting of summary judgment. I disagree. The ASA sets forth several alternative means by which

the United States asserts title to abandoned shipwrecks, one of which is the shipwreck's being embedded in submerged land. See 43 U.S.C. § 2105(a)(1). In this case the State of Wisconsin has demonstrated that the United States has title to the *Rosinco* pursuant to the provisions of 43 U.S.C. § 2105(a)(3), i.e., that it is on submerged lands of the State of Wisconsin, that it has been determined eligible for inclusion in the National Register and that it is, in fact, now included in the National Register. Consequently, whether the *Rosinco* is embedded (and the United States therefore on such additional ground has title to it, which title it has transferred to Wisconsin pursuant to 43 U.S.C. § 2105(c)) is not material.